UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

AMY STORY, CHRISTOPHER M. SOTIR, and
JENNY LEA RANDALL, *individually, and on behalf
of all others similarly situated*,

                              Plaintiffs,

   vs.                                              1:18-cv-764
                                                             (MAD/DJS)

SEFCU and DOES 1-100,

                              Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **CHERUNDOLO LAW FIRM, PLLC**<br>AXA Tower One 17th Floor<br>100 Madison Street<br>Syracuse, New York 13202<br>Attorneys for Plaintiffs | **J. PATRICK LANNON, ESQ.** |
| **MCCUNE WRIGHT AREVALO, LLP**<br>3281 East Guasti Road<br>Suite 100<br>Ontario, California 91781<br>Attorneys for Plaintiffs | **RICHARD DALE MCCUNE, JR., ESQ.** |
| **THE KICK LAW FIRM**<br>815 Moraga Drive<br>Los Angeles, California 90049<br>Attorneys for Plaintiffs | **TARAS KICK, ESQ.** |
| **KATTEN MUCHIN ROSENMAN LLP**<br>2029 Century Park East<br>Suite 2600<br>Los Angeles, California 90067<br>Attorneys for Defendants | **ANDREW J. DEMKO, ESQ.**<br>**STUART M. RICHTER, ESQ.** |
| **KATTEN MUCHIN ROSENMAN LLP**<br>575 Madison Avenue<br>New York, New York 10022<br>Attorneys for Defendants | **CRAIG CONVISSAR, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

The Court, having considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class and all of its supporting documents (collectively, the "Motion"), and the Settlement Agreement and Release executed by Defendant SEFCU on July 21, 2020 and by Plaintiffs Amy Story, Christopher M. Sotir, and Jenny Lea Randall on July 16, 17, and 22, 2020, respectively, (the "Settlement Agreement"), rules as follows:

1.  Defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2.  This Court finds on a preliminary basis that the class as defined in the Settlement Agreement ("Settlement Class") meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law.  Accordingly, the Court provisionally certifies the Settlement Class, which is composed of the following four classes:

> The "Sufficient Funds Class," which is defined as those members of Defendant who paid an overdraft fee from June 28, 2012 to April 19, 2019 when there was enough money in the member's current balance to cover the transaction that resulted in the fee, and such fees were not refunded by Defendant. (Settlement Agreement  1(w) and (x).)
>
> The "No Benefit Opt-In Class," which is defined as those members of Defendant who from February 5, 2016, through December 28, 2018, paid an overdraft fee on a non-recurring debit card transaction that was not refunded.  (Settlement Agreement  1(r).)
>
> The "Multiple NSF Fees on a Single Item Class", which is defined as those members of Defendant who from July 23, 2016 through March 31, 2020 were assessed and paid more than one non-sufficient funds or returned item for an ACH or check

>transaction that was re-submitted after being declined and was not refunded by Defendant. (Settlement Agreement 1(o) and (p).)
>
>The "Sweep From Savings to Checking Account Class," which is defined as any member of Defendant who paid an overdraft fee assessed from July 23, 2016 through March 31, 2020, which was not refunded for transactions where sufficient funds were transferred the day after the fee was assessed from a member's savings account into the checking account in an amount that would have been sufficient to avoid the overdraft had the transfer been made the prior day. (Settlement Agreement 1(y) and (z).)

3. The Court provisionally appoints Amy Story, Christopher M. Sotir, and Jenny Lea Randall as the Class Representatives of the Settlement Class.

4. The Court appoints KCC LLC as the Claims Administrator under the terms of the Settlement Agreement.

5. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Class, Richard McCune of McCune Wright Arevalo LLP, and Taras Kick of The Kick Law Firm, APC, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are provisionally approved as Class Counsel.

6. This certification of a preliminary Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant in this Action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law. Entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action should the settlement not be approved or not be implemented for any reason or to terminate the Settlement Agreement as provided in the Settlement Agreement.

7. The Court provisionally, and solely for purposes of this settlement, finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Amy Story, Christopher M. Sotir, and Jenny Lea Randall (the "Named Plaintiffs") are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, the Named Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

8. The Court has reviewed the Settlement Agreement, the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibit 1 to the Settlement Agreement), and the attached Legal Notice of Class Action Settlement (Exhibit 2 to the Settlement Agreement), and finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Class in the manner described in the Settlement Agreement.  The settlement appears to be reasonable in light of the risk inherent in continuing with litigation.  The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendant.  The Court also notes that the settlement was arrived at after an arm's length negotiation involving experienced counsel.

9. The Court finds that the methods of giving notice prescribed in the Settlement Agreement meet the requirements of the Federal Rules of Civil Procedure and due process, are the

best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and comply with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

| Event | Deadline |
| --- | --- |
| Claims Administrator Sends Notice and Website Goes Live | Within Thirty Days After the Date of this Order |
| Last Day to Opt Out | Thirty Days After Claims Administrator Sends Notice |
| Motion for Final Approval and Attorneys' Fees Filed with Court | Thirty-Five Days After Claims Administrator Sends Notice |
| Last Day to Object | Fifteen Days After Motion for Final Approval and Attorneys' Fees is Filed with the Court |
| Last Day to File Responses to Objections and Class Counsel's and Defendants' Replies in Support of Motion for Final Approval and Attorneys' Fees | Ten Days After Last Day to Object |
| Final Approval Hearing | Twenty Days After Last Day to Object |
| Filing by Claims Administrator of Final Report | Thirty Days After Time to Cash Checks has Expired |

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund.

13. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without

5

prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

    Good cause appearing therefore, **IT IS SO ORDERED.**

Dated: November 2, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge